
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–546

THOMAS FLETCHER ALLEN
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

**OPINION DELIVERED** MAY 18, 2016

APPEAL FROM THE WHITE COUNTY CIRCUIT COURT
[NO. CR-2014-105]

HONORABLE ROBERT EDWARDS, JUDGE

AFFIRMED

## ROBERT J. GLADWIN, Chief Judge

Thomas Fletcher Allen was convicted in the White County Circuit Court on thirty counts of possessing child pornography and three counts of computer exploitation of a child. His sole argument on appeal is that the State failed to present sufficient evidence to support his conviction. We affirm.

### I. *Statement of Facts*

On March 25, 2014, Allen was charged by felony information with thirty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child, in violation of Arkansas Code Annotated section 5-27-602 (Repl. 2013), and three counts of second-degree computer exploitation of a child, in violation of section 5-27-605 (Repl. 2013). At a jury trial on those charges held December 9, 2014, Chad Meli, a special

agent for the Arkansas Attorney General's Office, testified that he specialized in computer-related investigations and that he was given information about Allen's computer IP address.

Meli was able to connect to Allen's computer from a remote location and download a shared folder from that particular IP address. Meli conducted five downloads between October 31, 2013, and November 17, 2013. The downloaded files contained depictions of children being sexually assaulted. Meli testified regarding the specific contents of the downloaded files, and he explained that, from his remote connection, he discovered the IP address belonged to Allen, whose physical address was in Beebe. After Allen's identity had been discovered and his address had been located, surveillance was conducted on his residence.

A search warrant was issued, and it was executed on Allen's apartment on December 19, 2013. Meli testified that Allen was the sole occupant of the apartment and answered the door to police. Meli also stated that he never saw anyone other than Allen come and go from the apartment during the surveillance. He said that there was no evidence that anyone other than Allen lived at the apartment. Meli described the circumstances regarding the search as follows:

> We identify ourselves, who we work with. We secure the person, cleared the apartment. I go back out and make a bit more detail with Mr. Allen. I told him I had a search warrant for the residence and to look for computer evidence related to a cyber-crimes investigation. It was at that time when I was explaining that to him, going through my normal speech, where he leans over quickly to his right where there's a laptop computer and grabs some cables out of the computer. It appeared to

be a USB. To prevent him from destroying evidence I grabbed him by the arm and his shirt, took him to the ground and secured him.[1]

Pursuant to the warrant, police found evidence that included a Toshiba laptop computer, a Western Digital external hard drive—which was the device from which Allen removed the cables at the time of his arrest—a desktop personal computer, an Hitachi hard drive, and an ACER laptop computer. The items seized were taken to the forensic lab. There, technicians discovered three of the pictures recovered from one device had been manufactured by "taking the face of a child known to the suspect and then placing that face on the body of another image, an illegal sexual image of a child." Meli's investigation led him to discover that the child known to Allen was his granddaughter, and Allen's daughter verified that information.

Allen's daughter also testified that she was not aware of anyone else living with her father. However, she stated that a man named Steve, who had passed away shortly after "all this" began, had stayed "in and out" of her father's apartment. She said that she was not aware of anyone besides Steve who had access to her father's apartment.

Chris Cone, a special agent with the Arkansas Attorney General's Office, testified that he was involved in executing the search warrant on Allen's apartment and that no one else was at home at the time and there was no evidence that anyone else was living there. He said that he conducted on-site previews of the evidence found, which included the Toshiba laptop computer, the Western Digital external hard drive, and the Hitachi hard

---

[1] Special Agent Chris Cone testified that if an encrypted hard drive is disconnected from a computer in the manner described, the hard drive becomes encrypted, and, without the password key to unlock it, the contents become inaccessible.

drive.  He said that the Hitachi and Toshiba were found to contain a number of still images and videos depicting child sexual exploitation.

Jeff Shackelford, another special agent with the attorney general's office, testified that he prepared a report with the findings on the evidence gathered pursuant to the search warrant.  His report covered well over fifty gigabytes of actual evidentiary data discovered on the computers and hard drives.  He found that the Western Digital hard drive was encrypted, but he was able to decode the passwords.  He testified that he had found hidden folders on the devices containing child pornography.  He said that there was an excessive number of files and videos that he found hidden, totaling 52.9 gigabytes of data.  His testimony was that there were well over 1000 files of a graphic nature, and of those, hundreds were videos.  He said that in preparation for his court appearance, he pulled out a "representative sample" of thirty photos or videos to match each of the counts with which Allen was charged.

Shackelford stated,

This is an unbelievably large amount of data, it would take some period of time to download and store. It's not something that you are going to accrue or collect in a few days' time even if you were to sit down and do nothing but try to acquire that with the most high speed internet you could get. You're not going to accrue that on multiple devices with multiple time stamps that show up a great span, over a year's worth of activity. . . . One of the exhibits show that eMule folder having partial downloads . . . . It appears that over a certain amount of time that files were downloaded with eMule, off loaded from the main computer over to this encrypted external hard drive and then erased from the laptop computer. We see a small amount in there now and we see the collection, a large collection on that. It was password protected with the same password, the user account found on another computer in the defendant's home. That computer also had evidence of eMule activity and child pornography, the same type of filenames we've seen in the Counts and elsewhere, that's all that was being downloaded. We located child pornography or remnants of child pornography on the cell phone, two laptop computers, the

hard drive out of the desktop computer, the random hard drive found lying on a shelf, everything but the Micro SD card from the digital camera. The common denominator to all these devices is Thomas Allen.

After the trial court denied Allen's motion for directed verdict, the jury convicted Allen on all counts and recommended that he be sentenced to ten years consecutively on each count. The trial court sentenced Allen to consecutive sentences on fifteen counts and concurrent sentences on eighteen counts, giving him a net prison term in the Arkansas Department of Correction of 150 years. A timely notice of appeal was filed, and this appeal followed.

## II. *Applicable Law and Standard of Review*

Pursuant to Arkansas Code Annotated section 5-27-602,

(a) A person commits distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child if the person knowingly:

(1) Receives for the purpose of selling or knowingly sells, procures, manufactures, gives, provides, lends, trades, mails, delivers, transfers, publishes, distributes, circulates, disseminates, presents, exhibits, advertises, offers, or agrees to offer through any means, including the Internet, any photograph, film, videotape, computer program or file, video game, or any other reproduction or reconstruction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct; or
(2) Possesses or views through any means, including on the Internet, any photograph, film, videotape, computer program or file, computer-generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct.

When the sufficiency of the evidence is challenged, we consider only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424. The test is whether there is substantial evidence to support the verdict, which is evidence that is of sufficient force and character

that it will, with reasonable certainty, compel a conclusion one way or another. *Id*. Witness credibility is an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *Id*. "A jury need not lay aside its common sense in evaluating the ordinary affairs of life, and it may infer a defendant's guilt from improbable explanations of incriminating conduct." *Walley v. State*, 353 Ark. 586, 594, 112 S.W.3d 349, 353 (2003).

### III.  *Sufficiency Argument*

Allen argues that there was insufficient evidence to show that he possessed child pornography.  He contends that, while he was present at the scene when the police executed the search warrant, there was no evidence that he was in exclusive use of the property.  In *Steele*, *supra*, this court considered the same argument—that there was insufficient evidence that the child pornography was the appellant's because other people had access to his computer.  We stated,

> In cases involving constructive possession of child pornography on a computer, where joint access is alleged, the Eighth Circuit has required "ownership, dominion or control over the [pornographic material] itself, or dominion over the premises in which the [pornographic material] is concealed." *See, e.g.*, *United States v. Acosta*, 619 F.3d 956, 961 (8th Cir. 2010) (alteration in original) (citation omitted).

*Steele*, 2014 Ark. App. 257, at 7, 434 S.W.3d at 429.

Allen argues that his daughter, who testified for the State, said that there was a man named Steve who was also at the apartment and could have had access to the computers. Allen contends that there was no testimony that he created, modified, accessed, or downloaded the pornographic images onto the computers.  He claims that there was no

evidence that he exercised dominion and control over the contraband.  Thus, he argues that there was insufficient evidence presented to allow the case to go to the jury.

The State claims that substantial evidence supports Allen's convictions on all counts. We agree.  As in *Steele*, *supra*, even assuming that there was joint access as alleged by Allen, the evidence was sufficient to show that Allen exercised dominion and control over the various computers and hard drives that held over a thousand images and videos of child pornography.  The evidence was that agents from the attorney general's office suspected that Allen was in possession of child pornography and investigated the crime.  After surveillance work satisfied officers that Allen lived alone, a search warrant was executed on his apartment, and the computers and hard drives were seized.  Allen attempted to prevent officers from finding evidence on one hard drive by unplugging cables from the device, thus encrypting the information contained on it.  After gaining access by determining the correct password, agents found that the computer contained "an unbelievably large amount" of child pornography.  The jury may regard a defendant's efforts to conceal a crime as evidence of consciousness of guilt.  *E.g.*, *Williams v. State*, 2015 Ark. 316, 468 S.W.3d 776. Considering the evidence in the light most favorable to the verdict, substantial evidence supports Allen's convictions.

Affirmed.

KINARD and GRUBER, JJ., agree.

*David Dunagin*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.