Cite as 2024 Ark. App. 193

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CR-23-607

| | | |
|---|---|---|
| JOSHUA BRANCH | | Opinion Delivered March 13, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-20-197] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**CINDY GRACE THYER, Judge**

Appellant Joshua Branch was convicted by a Jefferson County jury of one count of furnishing prohibited articles and sentenced to twenty years in the Arkansas Department of Correction (ADC). On appeal, Branch argues that the evidence was insufficient to support his conviction. We affirm.

Testimony at Branch's trial revealed the following facts. Marcus Kennedy, who was then a lieutenant at the Pine Bluff Unit of the ADC, was supervising a routine search of several work-release inmates. Branch was one of these inmates. During the course of a strip search, Kennedy found two rolling papers filled with K-2 and a silver hex nut on Branch's person. Kennedy explained that the rolling papers and K-2 were illicit substances that are not allowed within the unit, nor were they given out by the ADC. Kennedy confiscated the material and sent it, along with a confiscation form, to his supervisor, Major Mahoney. On

cross-examination, Kennedy clarified that he knew the substance in the rolling papers was K-2 from his experience working at the ADC.

Scott Rosegrant, a criminal investigator with the Arkansas State Police, testified that he received the evidence from Major Mahoney and took it to his office, where he gave it to investigator Billy McCradic for transportation to the state crime lab. Once the materials were at the crime lab, forensic drug chemist Nick Dawson opened the envelope he received from the police and observed two pieces of rolled-up white paper, which both contained small amounts of vegetable material. After weighing the material, Dawson tested it and determined that it was 0.1430 grams of 5-Flouro-MDMB-PICA, a Schedule VI synthetic cannabinoid. Dawson explained that in 2018, this particular drug was added to the list of drugs in the Controlled Substance Act, thereby making it illegal.

At that point, the State rested, and Branch moved for a directed verdict as follows:

> Your Honor, we feel that the State has failed to meet their burden, based on the information that's been presented into evidence, the investigation itself. Mr. Kennedy, who actually did the initial––the supervised search, he failed to identify where he found the items, what the items were; and he was very––he was––that's it. That's all we have, Your Honor.

The court denied the motion. The defense then rested and renewed the motion for directed verdict, stating "There's certain elements of the crime––it's the defense['s] contention that the State has not proven beyond a reasonable doubt the particular elements of this crime." The court again denied the motion.

The jury subsequently convicted Branch of one count of possession of a prohibited article—namely, the controlled substance K-2—and sentenced him to a term of twenty years

2

in the ADC and a fine of $5,000. Branch filed a timely notice of appeal and now argues to this court that the circuit court erred in denying his motion for directed verdict.

A motion for directed verdict at a jury trial is considered a challenge to the sufficiency of the evidence. *Marbley v. State*, 2019 Ark. App. 583, 590 S.W.3d 793. In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence supporting the verdict. *Barfield v. State*, 2019 Ark. App. 501, 588 S.W.3d 412. We will affirm the denial of a directed-verdict motion if there is substantial evidence, either direct or circumstantial, to support the verdict. *Marbley*, *supra*. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation and conjecture. *Burris v. State*, 2023 Ark. App. 212, 665 S.W.3d 259.

In his sole point on appeal, Branch argues that the evidence was insufficient to support his conviction because the State failed to prove that he knowingly possessed K-2, a controlled substance. He cites Lieutenant Kennedy's testimony that he recognized the K-2 because he is familiar with it, and he contrasts that testimony with the lack of evidence that he, Branch, had the experience to recognize K-2 by sight alone. He further points to chemist Dawson's testimony that he could not tell what the substance was just by looking at it, arguing that "[i]f the expert chemist could not recognize the substance before it was tested . . . , how could [Branch] know its identity?" For these reasons, he suggests that the State failed to prove that he knowingly possessed a controlled substance.

Branch's argument is not preserved for this court's review, however. In his directed-verdict motion below, Branch did not argue that the State failed to prove that he knowingly possessed a prohibited item. Instead, he argued that Lieutenant Kennedy "failed to identify where he found the items, what the items were[.]" Moreover, his renewal of his directed-verdict motion only generically alleged that the State failed to prove the elements of the crime. A directed-verdict motion is a challenge to the sufficiency of the evidence and requires the movant to apprise the circuit court of the specific basis on which the motion is made. *King v. State*, 2018 Ark. App. 309, at 4 (citing *Rounsaville v. State*, 372 Ark. 252, 256, 273 S.W.3d 486, 490 (2008)). Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial. *Id.* Because Branch failed to argue in his directed-verdict motion[1] that the State did not prove he knowingly possessed the K-2, his argument is not preserved for appeal.[2]

---

[1]Branch did argue to the jury in his closing arguments that the State failed to prove that he knowingly possessed the K-2. Arguments made during closing arguments, however, do not preserve a sufficiency claim for appellate review. *Wilson v. State*, 2023 Ark. App. 333, at 8, 669 S.W.3d 648, 653; *N.L. v. State*, 2017 Ark. App. 227, 519 S.W.3d 360.

[2]Were we to reach the merits of Branch's argument, however, we would still affirm. Branch was charged with one count of violating Arkansas Code Annotated section 5-54-119(c)(1)(C) (Supp. 2023), which provides that a person commits possessing a prohibited article if, being an inmate of a correctional facility or in the custody of a correctional facility, the person knowingly possesses a controlled substance. A "controlled substance" is defined as "a drug, substance, or immediate precursor in Schedules I through VI." Ark. Code Ann. § 5-64-101(4) (Supp. 2023).

Affirmed.

ABRAMSON and VIRDEN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

Branch does not dispute that he was an inmate in the Arkansas Department of Correction or that the material found on his person was K-2, a controlled substance. Instead, he argues that the State failed to prove that he "knowingly" possessed it. One's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Severance v. State*, 2024 Ark. App. 87, ___ S.W.3d ___. Moreover, the jury may regard a defendant's efforts to conceal a crime as evidence of consciousness of guilt. *Allen v. State*, 2016 Ark. App. 264, at 7, 492 S.W.3d 871, 875 (citing *Williams v. State*, 2015 Ark. 316, 468 S.W.3d 776). The two rolling papers containing K-2 were found during a strip search of Branch's person. That Branch took pains to hide a substance that he does not dispute was K-2 is indicative of his mens rea. Therefore, if we could reach the merits of Branch's argument, we would conclude there was sufficient evidence to support his conviction.